IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRENCE FRANKLIN, #1153904,<br>    Petitioner, | )<br>)<br>) |
| v. | )     3:07-CV-0823-P<br>)     ECF |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner pled guilty to robbery in the second degree in the 195th District Court of Dallas County, Texas, in Cause No. F02-73119. (Pet. at 2). On February 14, 2003, punishment was assessed at fifteen years imprisonment. (*Id.*). The Court of Appeals affirmed the conviction and sentence. *See Franklin v. State*, No. 08-03-00176-CR (Tex. App. --

El Paso Sept. 24, 2004, no pet).

On January 16, 2007, Petitioner filed a state application pursuant to art. 11.07, Texas Code of Criminal Procedure. *See* No. W02-731119-A (Attachment).[1] The Texas Court of Criminal Appeals (TCCA) denied the application without written order on the trial court's findings without a hearing on March 21, 2007. *See Ex parte Franklin*, No. WR-66,922-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=249867.

The federal petition was received and filed by the District Clerk On May 9, 2007.[2] Petitioner asserts two grounds: (1) his guilty plea was involuntary, and (2) counsel rendered ineffective assistance when he failed "to prevent petitioner from signing a judicial confession where the date of the offense was incorrect."

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The District Court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas

---

[1] Petitioner alleges his art. 11.07 writ was filed on January 31, 2007. (*See* Pet. at 3). Since the filing date of January 16, 2007, is more beneficial to Petitioner, the Court will rely on that date.

[2] However, the petition is deemed filed on May 7, 2007, the date appearing on Petitioner's cover letter submitting his petition, and presumably the date on which he placed it in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

2

petition in process issued cases).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him/her from filing this federal petition. Nor does he base the petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on October 24, 2004, thirty days after the Court of Appeals affirmed the judgments of conviction. *See* TEX. R. APP. P. 68.2(a) (effective

---

[3] On April 3, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why this case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed a response to the Court's show cause order on May 23, 2007.

September 1, 1997). Therefore, the one-year period began to run on October 25, 2004, the day after his conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998), and expired on October 24, 2005. Petitioner did not file his federal habeas petition until May 7, 2007, more than one and one-half years after the running of the limitations period. Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, *see Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-year period. *Flanagan*, 154 F.3d at 202. As noted above, Petitioner did not file his state application until January 16, 2007, more than fourteen months after the expiration of the one-year period. *See Scott*, 227 F.3d at 263 (state habeas application did not toll limitations period for filing federal habeas petition where it was filed after federal limitations period had expired). Therefore, the federal petition is clearly time barred absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner delayed filing his state habeas application by fourteen months following the expiration of the one-year

4

period. Petitioner's lack of due diligence did not end here. Upon receiving notice that his state writ had been denied on March 21, 2007, he did not immediately file this federal petition. Rather he waited until May 7, 2007, before mailing the same. These delays – clearly of Petitioner's own making – do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (1999).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 6th day of September, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT**